UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

SALVADOR ZUNIGA NAVA,

Plaintiff,

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY;

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES;

KRISTI NOEM, in her official capacity as
Secretary of Homeland Security;

JOSEPH EDLOW, in his official capacity as
Director of USCIS;

PAMELA JO BONDI, in her official capacity as
Attorney General of the United States,
Defendants.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE
ADMINISTRATIVE PROCEDURE ACT, 5 U.S.C. §§ 701–706, AND THE
DECLARATORY JUDGMENT ACT, 28 U.S.C. §§ 2201–2202

Plaintiff Salvador Zúñiga Nava ("Plaintiff" or "Mr. Zúñiga") alleges as follows:

INTRODUCTION

1. This is an action under the Administrative Procedure Act (APA), 5 U.S.C. §§ 701–706, challenging USCIS's denial of Plaintiff's application to adjust status and USCIS's subsequent denial of his motion to reopen/reconsider (Form I-290B). Defendants treated a checked box on a federal background-check form (SF-85) as a strict-liability "false claim to U.S. citizenship," rendering Plaintiff inadmissible under

1

INA § 212(a)(6)(C)(ii), 8 U.S.C. § 1182(a)(6)(C)(ii), without analyzing the legally required elements of subjective intent and materiality.

2.     Plaintiff seeks vacatur of the decisions and remand with instructions to apply the correct legal standard, consider the evidence already in the administrative record, and issue a new, lawfully reasoned decision. Plaintiff also seeks declaratory relief that Defendants' adjudications were arbitrary, capricious, and not in accordance with law, as well as any appropriate ancillary injunctive relief and costs and fees under the Equal Access to Justice Act, 28 U.S.C. § 2412.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction under 28 U.S.C. § 1331 (federal question), 5 U.S.C. § 702 (waiver of sovereign immunity), and 28 U.S.C. §§ 2201–2202.

4.     The challenged denial of adjustment and denial of the I-290B constitute final agency action for which there is no other adequate remedy in court. 5 U.S.C. § 704.

5.     Venue lies in this District under 28 U.S.C. § 1391(e)(1) because Plaintiff resides in Kansas and a substantial part of the events or omissions giving rise to the claims occurred in or are directed to this District.

## PARTIES

6.     Plaintiff Salvador Zúñiga Nava is a noncitizen residing in Kansas. He applied to adjust his status to that of a lawful permanent resident. At all times relevant, he acted in good faith and made no knowing or intentional false claim to U.S. citizenship.

2

7.      Defendant United States Department of Homeland Security (DHS) is a federal agency with authority over USCIS.

8.      Defendant United States Citizenship and Immigration Services (USCIS) is a component of DHS responsible for adjudicating applications for adjustment of status.

9.      Defendant Alejandro Mayorkas is the Secretary of DHS and is sued in his official capacity.

10.     Defendant Ur M. Jaddou is the Director of USCIS and is sued in her official capacity.

11.     Defendant [Field Office Director] is the USCIS Kansas City Field Office Director and is sued in his/her official capacity.

12.     Defendant Merrick B. Garland is the Attorney General of the United States and is sued in his official capacity.

## LEGAL BACKGROUND

13.     INA § 212(a)(6)(C)(ii)(I) renders inadmissible any noncitizen who falsely represents, or has falsely represented, himself or herself to be a citizen of the United States for any purpose or benefit under the INA or any other federal or state law.

14.     Under controlling agency precedent and policy, a citizenship misrepresentation triggers inadmissibility only when the government proves (a) a subjective intent to obtain a specific purpose or benefit under the INA or other law and (b) materiality—that the citizenship claim would have had a natural tendency to influence, or was capable of influencing, that purpose or benefit. Strict liability does not apply.

3

15. The APA requires agencies to engage in reasoned decision-making, consider important aspects of the problem, and articulate a satisfactory explanation for their action, including a rational connection between the facts found and the choice made. 5 U.S.C. § 706(2).

## FACTUAL ALLEGATIONS

16. Plaintiff was employed by a subcontractor on a federal worksite that required routine criminal-history background checks. In connection with that suitability screening, an online Standard Form 85 (SF-85) was completed.

17. A site supervisor - not Plaintiff - completed the online SF-85 in English. The form was not translated into Spanish for Plaintiff. Plaintiff signed the form believing it was a background-check authorization.

18. On the SF-85, the supervisor mistakenly checked a box indicating "U.S. citizen." The item requesting proof of citizenship (Item 7c) was left blank.

19. Non-citizens were permitted to work on the same project and, in fact, multiple non-citizen employees worked there contemporaneously. U.S. citizenship was not a prerequisite for the background check or for continued employment on the site.

20. Plaintiff never intended to claim he was a U.S. citizen and never knowingly represented that he was a U.S. citizen to obtain any benefit under the INA or other law. Nor could he have obtained any benefit, as non-citizens were permitted to work on the site. He did not complete the online entries and did not understand the English-language content.

21. The first time Plaintiff became aware of the erroneously checked "U.S. citizen" box was during his USCIS adjustment interview. At that time, he immediately disclaimed U.S. citizenship and explained the mistake.

22. On March 20, 2025, USCIS denied Plaintiff's Form I-485, concluding that Plaintiff was inadmissible under INA § 212(a)(6)(C)(ii) based on the SF-85. The decision did not analyze Plaintiff's subjective intent or the materiality of citizenship to the background-check purpose but instead claimed that any false claim, even if inadvertent, triggered automatic ineligibility for adjustment of status.

23. Plaintiff timely filed a Form I-290B motion to reopen and/or reconsider. He submitted sworn statements and employer letters confirming the above facts, including that a supervisor completed the SF-85, that the citizenship-proof field was blank, that the form was not translated, and that non-citizens were eligible for and worked the same job.

24. On August 5, 2025, USCIS denied the I-290B, summarily asserting the motion was unaccompanied by new facts or evidence and again failing to apply the required legal standard. The USCIS decision did not address the two required elements that the original denial had left out – intent and materiality.

25. The denials are final agency action that injure Plaintiff by foreclosing adjudication of his adjustment application under a lawful standard and by mischaracterizing him as permanently inadmissible without any statutory waiver available.

## CLAIMS FOR RELIEF

### *Count I – Agency Action Not in Accordance with Law (APA, 5 U.S.C. § 706(2)(A), (C))*

26. Plaintiff realleges paragraphs 1–25.

27. Defendants misapplied INA § 212(a)(6)(C)(ii) as a strict-liability bar, contrary to governing legal standards requiring proof of subjective intent to obtain a specific purpose or benefit under law and proof of materiality. By failing to apply those elements, the agency acted not in accordance with law and in excess of statutory authority.

### Count II – Arbitrary and Capricious Agency Action (APA, 5 U.S.C. § 706(2)(A))

28. Plaintiff realleges paragraphs 1–27.

29. Defendants failed to consider important aspects of the problem and the record before them, including sworn statements that the SF-85 was completed by someone else, a supervisor, that it was not translated, that the citizenship-proof field was blank, and that non-citizens were eligible for the same background-cleared work. Defendants did not articulate a rational explanation addressing intent or materiality, rendering the decisions arbitrary and capricious.

### *Count III – Failure to Follow Required Procedure; Denial of Motion to Reopen/Reconsider (APA, 5 U.S.C. § 706(2)(A), (D))*

30. Plaintiff realleges paragraphs 1–29.

31. In denying the I-290B, USCIS stated that Plaintiff presented no new facts or evidence, disregarding affidavits and employer documentation submitted and cited. USCIS failed to engage with the substance of the motion or to correct the legal error in

6

the underlying decision. The denial thus lacked a reasoned basis and failed to observe procedures required by law.

## PRAYER FOR RELIEF

Wherefore, the Plaintiff respectfully requests that this Court:

A. Declare that Defendants' denial of Plaintiff's adjustment application and denial of his I-290B were arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law within the meaning of 5 U.S.C. § 706(2);

B. Vacate the decisions and remand to USCIS with instructions to apply the correct legal standard under INA § 212(a)(6)(C)(ii)—including the required findings on subjective intent and materiality—and to consider the evidence already contained in the administrative record;

C. Order Defendants to file the certified administrative record within a time certain;

D. Enjoin Defendants, pending remand adjudication, from relying on the challenged decisions to prejudice Plaintiff's eligibility for lawful status or employment authorization, to the extent permitted by law;

E. Award Plaintiff his reasonable attorneys' fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412; and

F. Grant such other and further relief as the Court deems just and proper.

## NO JURY DEMAND AND DESIGNATION

Plaintiff requests determination by the Court without a jury in Kansas City, Missouri.

Dated: 10/27, 2025

Respectfully submitted,

/s/ Matthew L. Hoppock

Matthew Hoppock
Hoppock Law Firm LLC
PO Box 3886
Shawnee, KS 66203
Phone: 913-267-5511
Email: matthew@hoppocklawfirm.com
Counsel for Plaintiff